■ In the Matter of the Claim of AMPARO JIMENEZ, Respondent, v ESTATE OF ROBERTO JIMENEZ et al., Respondents, and UNINSURED EMPLOYERS' FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. —Appeal from a decision of the Workers' Compensation Board, filed April 23, 1979, and from a denial by said board, dated April 29, 1980, of appellant's request for reconsideration. Roberto Jimenez, the proprietor of a grocery business that operated under the trade name of Jimenez Supermarket, was murdered during a robbery of the store on June 4, 1974. On September 13, 1974 Juanita Jimenez was appointed administratrix of the estate of Roberto. Julio Jimenez and George De Jesus took over the operation of the market with Julio Jimenez earning $150 per week. The rest of the proceeds of the business was used to pay the rent and other expenses. On October 12, 1974 Julio Jimenez was the victim of a homicide while working on the store premises. On February 27, 1975 claimant Amparo Jimenez, wife of Julio, filed a claim for benefits on behalf of herself and three minor children. The board, on April 14, 1977, reversed a decision of the referee and held that at the time of his death there was an employee-employer relationship between Julio Jimenez and Jimenez Supermarket. By subsequent decision dated April 23, 1979, the board modified its prior determination so as to indicate that the employer was the estate of Roberto Jimenez. On May 3, 1979, an award was made to the claimant against the estate of Roberto Jimenez. The Uninsured Employers' Fund does not deny that Julio Jimenez worked in the market up to and including the date of his death. Its contention is that there was no affirmative hiring by the representative of Roberto Jimenez' estate that allegedly is necessary for the creation of an employer-employee relationship. We disagree. We have held that if an employer, such as the estate herein, accepts the benefits of even a volunteer's efforts, it is estopped from denying the existence of an employment relationship (Matter of Kier v Baugh, 5 AD2d 1023). If the administratrix did not desire Julio Jimenez to continue to operate the market, it was within her authority to discontinue the employment, take

possession of the store and manage it herself (EPTL 11-1.1, subd [b], par [5], cl [A]). She did not do so. Thus, we conclude that since the estate representative permitted the decedent to manage the business, be paid for his services and defray business expenses, an employment relationship was created and maintained until the employee's accidental death. Accordingly, the board's decision is supported by substantial evidence. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.